# ESTELLE CHADWICK v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, March 30, 1906.

1. NEGLIGENCE: Electric Car: Running into Curve: Excessive Speed. Defendant's electric railway extended from St. Louis to Creve Coeur Lake in St. Louis county; on the line of the road is a curve, the approach to which was indicated by a signpost, on which were the words, "Slow up." Defendant's summer car, on which plaintiff, a young woman twenty-one years old, was a passenger, after eight o'clock on the evening of August 21st, struck this curve with such force and violence as to extinguish its lights and throw the plaintiff and other passengers out of the car, and to shock or throw down and

Chadwick v. St. Louis Transit Co.

around other passengers within the car. The plaintiff was rendered unconscious by the fall, and after the car was stopped she was found in a ditch under a barbed wire fence and was greatly and permanently injured. *Held*, that the court did not err in overruling a demurrer to the evidence.

2. ——: ——: ——: ——: **Instruction.** The petition charged that the summer car from which plaintiff was thrown as it entered a curve was being run "at a rapid, excessive and dangerous rate of speed," and plaintiff's instruction did not in so many words require the jury to find that the car was being so run, but defendant's did. Besides, the petition also charged that the defendant's servants "negligently caused, suffered and permitted" the car to strike the curve "with sudden, violent and unusual force," and upon this act of negligence plaintiff's instruction was predicated. *Held*, that plaintiff's instruction in failing to duplicate in so many words the requirement that the car was being run "at a rapid, excessive and dangerous rate of speed," was not erroneous.

3. ——: ——: ——: ——: **Passenger: Connection Between Injury and Negligent Act.** In an action for damages against a street railway by a passenger, for an injury received in consequence of the car's "striking a curve with sudden, violent and unusual force," it is not incumbent upon the plaintiff to show affirmatively the immediate connection between the injury and the misconduct of the carrier, it appearing that the car was under the control of the carrier's servants, and that the accident was such as, under the ordinary course of things, would not have occurred had those in charge of the car used proper care.

4. ——: **Excessive Verdict.** It is *held* in this case, where a young woman's nervous system has been permanently injured by the negligence of a street railway company while she was a passenger on one of its cars, and there is nothing in the record suggesting partiality or prejudice on the part of the jury, that a unanimous verdict for $5,500 was not excessive.

Appeal from St. Louis City Circuit Court.— *Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Boyle & Priest, Geo. W. Easley* and *Robert E. Maloney* for appellant.

(1) The demurrers to plaintiff's evidence and to all the evidence should have been sustained. (a) Be-

·cause she failed to prove any substantial negligence whatever. (b) Because she failed to prove the alleg-ations of negligence contained in her petition. Godfrey v. Railroad, 107 Mo. App. 193; Edwards v. Ins. Co., 100 Mo. App. 712; Hook v. Railroad, 162 Mo. 569; Hyde v. Railroad, 110 Mo. 272; Spiro v. Railroad, 102 Mo. App. 250; Timms v. Railroad, 66 N. E. 797; Railroad v. Os-born, 63 N. E. 604; Burnes v. Railroad, 66 N. E. 418; Railroad v. Lohe, 67 N. E. 161; Francisco v. Railroad, 78 Hun 13; Railroad v. Clowes, 24 S. E. 833. (2) The damages awarded by the jury are inordinately exces-sive, and out of all proportion to what plaintiff really sustained, and the verdict bears the impress of passion and prejudice on its face. Stolze v. Railroad, 87 S. W. 517; Sawyer v. Railroad, 37 Mo. 265; Kaeltz v. Relck-man, 46 Mo. 320; Stoltzell v. Swearinger, 90 Mo. App. 594; Doty v. Steinberg, 25 Mo. App. 328; Sheedy v. Press Brick Co., 25 Mo. App. 527; Reynolds v. Railroad, 189 Mo. 408. (3) The court committed re-versible error in giving to the jury, over defendant's ·objection, plaintiff's instruction 1. (a) Because said instruction authorizes a recovery for plaintiff if they find that defendant "caused, suffered and permitted said car to run into and strike the curve on the defend-ant's railroad, mentioned in the evidence, with sudden, violent and unusual force," when neither sudden, violent, unusual nor forceful movements of an inter-urban electric car in rounding a curve constitutes neg-ligence. Railroad v. Clowes, 24 S. E. 833. (b) It is further erroneous in that it authorizes the jury to find a verdict for the plaintiff, if they believe from the evi-dence that defendant's car was "carelessly and negli-gently" permitted to run into the curve, etc., without ·stating what act or acts were negligent or what consti-tuted negligence. Duerst v. Railroad, 163 Mo. 624; Allen v. Railroad, 183 Mo. 435. (c) It is further er-roneous in that it permits plaintiff to recover if the jury find that the car ran into and struck the curve with

"sudden, violent and unusual force," whereas plaintiff's allegations of negligence in her petition are that the defendant caused said car to enter into the curve "at a rapid, excessive and dangerous rate of speed." In other words, it permits plaintiff to sue on one cause of action and recover on another. Railroad v. Clowes, 24 S. E. 836.

*Lyon & Swarts* for respondent.

(1). The demurrers to plaintiff's evidence and to all the evidence were properly overruled. Redmon v. Railroad, 185 Mo. 1; Magrane v. Railroad, 183 Mo. 119; Gidionsen v. Railroad, 129 Mo. 392; Dougherty v. Railroad, 81 Mo. 325; Ilges v. Railroad, 102 Mo. App. 529; Dixey v. Railroad, 180 Pa. St. 401; Clow v. Railroad, 154 Pa. St. 410; Railroad v. Thalheimer, 37 Atl. 132; Samuel v. Railroad, 124 Cal. 294; Bassett v. Railroad, 65 Pac. 470; Lavis v. Railroad, 54 Ill. App. 636; Halverson v. Seattle Electric Co., 35 Wash. 600. (2) Plaintiff's instruction 1 was properly given, and was more favorable to the defendant than it should have been. Authorities above cited. (3) The verdict is not excessive. Wood v. Railroad, 181 Mo. 433; O'Neill v. Kansas City, 178 Mo. 91; Luckel v. Century Bldg. Co., 177 Mo. 608; Barr v. City of Kansas, 121 Mo. 22; Hanlon v. Railroad, 104 Mo. 381.

BRACE, P. J.—This is an appeal by the defendant from a judgment of the St. Louis City Circuit Court in favor of the plaintiff for the sum of $5,500 for personal injuries.

Plaintiff's cause of action, as stated in the petition, is as follows:

"For her cause of action herein the plaintiff states that on the twenty-first day of August, 1903, at night, she entered and was received as a passenger on a westbound car of the defendant at Garrison avenue and

Olive street on its said line of railroad in the said city of St. Louis, for the purpose of being carried and transported as such passenger to her destination at Creve Coeur on the defendant's said line of railroad in the said county of St. Louis, and that the defendant thereby promised and agreed, and it was the duty of the defendant, to carry and transport the plaintiff well and safely to her said destination; that while the plaintiff was a passenger on said car as aforesaid the defendant, and its agents and servants in charge of said car, carelessly and negligently caused, suffered and permitted said car to enter and run into a curve on the defendant's said line of railroad, being the first westward curve for west-bound cars on the defendant's said line of railroad north of Delmar avenue or Bonhomme road in the said county of St. Louis, at a rapid, excessive and dangerous rate of speed, and to strike said curve with sudden, violent and unusual force, whereby the plaintiff was thrown from her seat in said car to the ground with great force and violence, her head, body and limbs were scratched and bruised, her pelvic organs were injured, her nervous system was shocked and seriously impaired, and she was otherwise internally and greatly injured; that by reason of her injuries received as aforesaid the plaintiff has suffered, and will continue to suffer, great pain in mind and body, has lost, and will continue to lose, the earnings of her labor, has been compelled to expend, and has expended, large sums of money for medical treatment and medicines, is permanently injured, and has been actually damaged in the sum of fifteen thousand dollars.''

The answer was a general denial.

At the close of the plaintiff's evidence the defendant demurred thereto, and its demurrer was overruled. A like demurrer was interposed at the close of all the evidence and overruled.

The main issue in the case was submitted to the jury on the following instructions:

FOR PLAINTIFF:

"1. If the jury find from the evidence that on the 21st day of August, 1903, the defendant was a carrier of passengers for hire, and used and operated the railroad and car mentioned in the evidence for such purpose, and if the jury further find from the evidence that on said day the defendant's agents and servants in charge of said car received the plaintiff as a passenger thereon; and if the jury further find from the evidence that while the plaintiff was being carried as such passenger on said car, the defendant's agents and servants in charge of said car, carelessly and negligently caused, suffered and permitted said car to run into and strike the curve on the defendant's railroad, mentioned in the evidence, with sudden, violent and unusual force, and that the plaintiff was thereby thrown from said car upon the ground and was injured; and if the jury further find from the evidence that the defendant's agents and servants in charge of said car could, by the exercise of that degree of care, prudence and caution which very careful and prudent persons would use and exercise in a like business and under like circumstances, have prevented said car from so running into and striking said curve, and failed to do so, and if the jury further find from the evidence that the plaintiff was exercising that degree of care which would be exercised by persons of ordinary prudence under the same or similar circumstances, then the verdict of the jury must be in favor of the plaintiff."

FOR DEFENDANT:

"1. The jurors are instructed that negligence cannot be presumed, but must be proved, and the burden of proof is upon the plaintiff to prove by the preponderance or greater weight of the evidence that her injuries, if you believe she was injured, were the result of the negligence alleged in plaintiff's petition, to-wit: That while the plaintiff was a passenger on one of defendant's cars the defendant's agents and servants in

charge of said car, carelessly and negligently caused, suffered and permitted said car to enter and run into a curve on the defendant's said line of railroad, being the first westward curve for west-bound cars on the defendant's said line of railroad north of Delmar avenue on Bonhomme road in the said county of St. Louis, at a rapid, excessive and dangerous rate of speed, and to strike said curve with sudden, violent and unusual force, whereby plaintiff was thrown from her seat in said car to the ground. In considering the question as to whether the defendant was negligent, you are confined to the specific charges thus made, and unless you find that the defendant was negligent in this particular respect your verdict will be for the defendant, even though you may believe from the evidence the defendant may have been negligent in some other respect.''

The verdict was for the plaintiff for $5,500.

The errors assigned for reversal of the judgment are: the overruling of the demurrers to the evidence, the giving of instruction numbered 1 for the plaintiff, and that the damages are excessive.

The facts disclosed by the evidence for the plaintiff, briefly stated, are as follows:

The plaintiff, at the time she was injured, was a young woman about twenty-one years of age, in good health, and in the employ of a dry goods establishment, earning ten dollars a week. About eight o'clock on the evening of the 21st of August, 1903, she, in company with her mother, two sisters and some other friends, took passage on one of the defendant's west-bound summer cars on Olive street, at Garrison avenue, in St. Louis, for Creve Coeur lake, in the county of St. Louis. On the line of defendant's road between the city limits and Creve Coeur lake in St. Louis county, there is a curve, the approach to which is indicated by a signpost on which are the words, ''Slow up.'' On the evening in question, the defendant's car in which

the plaintiff was a passenger, together with some twenty or thirty other persons, struck this curve with such force and violence as to extinguish its lights, throw the plaintiff, one of her sisters and another passenger, Judge Pollard, out of the car, and to shock and throw down and around many other passengers within the car. The plaintiff and her sister and Judge Pollard were rendered unconscious by their fall, and, after the car was stopped, were found by some of the other passengers, the plaintiff in a ditch under a barbed wire fence. She was assisted up to the track, placed upon a returning car and brought back to the city. A physician, Dr. R. M. Kerley, a general practitioner, making a specialty of diseases of women, was at once called to treat the plaintiff for her injuries. He testified, in substance, that he found her injured all over, particularly in the pelvic organs; that he found scratches and bruises all over the body — the pelvic organs, evidently the ovaries and the womb itself and appendages, were disturbed. She was bleeding, flowing all the time from the womb, conscious at times and completely nervous at other times. There was a condition of neurasthenia, in fact, she remained in that condition for three weeks or more and never moved on the couch, and she still suffers more or less up to the present time (November 10, 1903); that he is still treating her and has been in attendance upon her ever since her injury; that his bill for services to date is $226, and that the charges are reasonable; that he is of the opinion that the neurasthenic condition in which she is will be permanent, but she might improve; that she can stand on her feet for only a short time, can walk around the house a little and that is all that she can do. She has fallen off at least twenty-five pounds since the accident. She is as nervous as she can be, and is a complete neurasthenic.

Like testimony as to the injuries, suffering and condition of the plaintiff was given by several lay wit-

nesses. The evidence of many witnesses who were passengers in the car with plaintiff tended to prove that the car was going at a very rapid and unusual rate of speed when it struck the curve, and that the shock on striking the curve was of great violence.

To meet the case thus made, the defendant introduced one witness who was a passenger on the car, who testified in substance that neither he nor the young lady with whom he was sitting fell; that he didn't pay any particular attention to the rate of speed at which the car was going — it seemed the same as usual to him, but that it struck the curve suddenly with a jolt. Also a statement by the conductor and motorman that the car was running at the usual and ordinary rate of speed at the time the accident happened. And two physicians who visited the plaintiff at the instance of the defendant a few days before the trial — one of whom testified that he was of the opinion that she would get well but that it would take some time — the other that she would get well in a few months.

I. The overwhelming weight of the evidence was that the defendant's servants in charge of the car negligently caused, suffered and permitted said car to enter and run into the curve on defendant's line of railroad "at a rapid, excessive and dangerous rate of speed," time, place and circumstances considered, "and to strike said curve with sudden, violent and unusual force, whereby," etc., as charged in the petition, and there is no ground whatever for the contention that the court erred in overruling the demurrers to the evidence.

II. The objection urged to the plaintiff's first instruction is that it did not *in totidem verbis* require the jury to find that the car was being run "at a rapid, excessive and dangerous rate of speed." On the evidence—time, place and circumstances considered—

the jury could not well have found otherwise, and they were expressly required to so find in the defendant's instruction, and there is no reason to believe the verdict would have been other than it was if this requirement had been duplicated in the plaintiff's instruction. However that might have been, this contention leaves entirely out of view the fact that the petition charged another act of negligence, i. e., that the defendant's servants "negligently caused, suffered and permitted" the car to strike the curve "with sudden, violent and unusual force," and upon this act of negligence the plaintiff's instruction was predicated, as it might well have been.

In Dougherty v. Railroad, 81 Mo. 325, we held that, "In an action for damages against a street railway by a passenger, for an injury received in consequence of a sudden jerk of the car, it is not incumbent upon the plaintiff to show affirmatively the immediate connection between the injury and the misconduct of the carrier, it appearing that the car was under the control of the carrier, or its servants, and that the accident was such as, under the ordinary course of things, would not have occurred had those who had the management of the car used proper care."

The principle of that case has been frequently recognized and affirmed by this court. [Clark v. Railroad, 127 Mo. 197; Och v. Railroad, 130 Mo. 27, 51; Redmon v. Railroad, 185 Mo. l. c. 13.]  As was said in the last case, "Where the thing is shown to be under the management of the defendant or its servants, and the accident is such as in ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

While the thing itself in this instance spoke loudly of a rapid and dangerous rate of speed, and that fact was established by a great preponderance of the evi-

dence, yet, eliminating it from the petition, a good cause of action was therein stated, upon the evidence sustaining which the plaintiff's instruction could be and was predicated. Negligently "striking the curve with sudden, violent and unusual force" was the immediate and proximate cause of the plaintiff's injuries.

We find no error in the giving of this instruction calling for a reversal of the judgment.

III. No objections are urged to the instruction of the court on the measure of damages, and with it no fault can be found. The verdict of the jury was unanimous. There is nothing in the record suggesting the least partiality or prejudice on their part. The amount did not shock the sense of justice of the learned judge before whom the case was tried, and before whom were plaintiff and all the witnesses who testified as to her injuries; and we find nothing in the record or in the amount of damages awarded the plaintiff for her serious injuries and impaired health that calls for our interference with the verdict.

The judgment of the circuit court is affirmed.

All concur.