## JOHN W. KENNEDY, Respondent, v. METROPOLI-TAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 2, 1907, and January 27, 1908.

1. **PASSENGER CARRIERS: Negligence: Specific Averment: Evidence: Variance.** The petition alleged that in a panic among passengers caused by certain electrical explosion plaintiff was knocked off the car and injured. He testified that the flash or the current or something like that knocked him off and he was unconscious for some time. *Held*, the variance was fatal.

2. ———: ———: ———: ———: ———: **Instructions.** There being a failure of evidence to support the petition instructions submitting facts alleged therein were erroneous.

3. ———: ———: **Pleading: Res Ipsa Loquitur.** Where a passenger alleges specific negligence he abandons his right to the presumption arising from the rule of *res ipsa loquitur* and voluntarily takes the burden of proving the negligence charged.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White* for appellant.

(1) The court erred in overruling the demurrer to the evidence. Plaintiff had alleged that his injuries were caused by panic-stricken passengers throwing, pushing and knocking him from the platform. He had to recover on proof of these facts if at all. Hite v. Railroad, 130 Mo. 132; Sawyer v. Railroad, 37 Mo. 241; Story on Bailments, sec. 602; Bartley v. Railroad, 148 Mo. 139; Feary v. Railroads, 162 Mo. 75; Chitty v. Railroad, 148 Mo. 74-75; Hamilton v. Railroad, 114 Mo. App. 509; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Yarnell v. Railroad, 113 Mo. 570; McManamee

v. Railroad, 135 Mo. 447; McGrath v. Railroad, 197 Mo.
97; Waldheir v. Railroad, 71 Mo. 514; Edens v. Railroad,
72 Mo. 212; Price v. Railroad, 72 Mo. 414.    (2)    The
court erred in giving instructions numbered 1, 2, 3 and
4 at the request of plaintiff.    There was absolutely no
proof that plaintiff was injured by being "thrown or
shoved from said car."    There was no proof as to how he
got off the car.    Instructions must be authorized by the
evidence as well as the pleadings.    McAtee v. Valand-
ingham, 75 Mo. App. 45; Campbell v. Houghton, 44 Mo.
App. 231; McCarty v. Fagin, 42 Mo. App. 619; Palmer
v. Telephone Co., 91 Mo. App. 106; Marr v. Bunker, 92
Mo. App. 651; Railway v. Railroad, 118 Mo. 599; Berg-
man v. Railroad, 104 Mo. 77; Tyler v. Hall, 106 Mo. 313.

*E. W. Shannon* and *J. D. Clough,* for respondent,
filed argument.

ELLISON, J.—This is an action for personal in-
juries received by plaintiff while a passenger on one of
defendant's electric street cars in Kansas City.    He re-
covered judgment in the trial court.

The negligence complained of is specifically charged.
It is that for some reason unknown to plaintiff, defend-
ant allowed the car, the controller, the motor and the
electrical appliances "to become out of order and allowed
the controller and the appartus connected therewith
to burn out, causing an explosion, setting said car on
fire· and causing a panic among the passengers and
plaintiff was thrown, pushed and knocked from the car
by the persons frightened by said explosion and burning
out of the controller and other electrical apparatus to
the ground, striking upon his head," etc.    In short, the
charge is that defendant negligently allowed the car and
appliances to become out of order in such manner or de-
gree as to cause such an explosion as caused a panic
among the passengers whereby they threw, pushed, or

knocked him off the car. The proof, as stated by plaintiff himself, failed to show that the explosion and burning of the appliances named was such as to cause the panic and the knocking him off the car by the passengers. It failed to show that the passengers had anything to do with his leaving the car. He repeatedly stated that he could not tell how he came to get off. He further stated it this way: "This flash struck me in the face, and, I don't know, the current or something must have carried me off the car; I don't know how I got off, whether I jumped off or that knocked me off; didn't know anything until after I got home after the flash struck me." The case made therefore failed to sustain the petition. [Chitty v. Railway, 148 Mo. 64.]

Instructions one, two, three and four in plaintiff's behalf submitted this as an issue in the cause. There being a failure of evidence in this respect, they should not have been given. The case of Chouquette v. Railway, 152 Mo. 257, is cited by plaintiff in this connection, but it is not applicable. In that case there was a mere variance and no objection made; while in this case there is a fatal and total failure of proof, which is struck at by the demurrer to the evidence. In Brod v. Transit Co., 115 Mo. App. 202, there was not a failure of proof. The proof substantially covered the allegations of the petition.

Reliance is placed on the presumption in favor of the passenger of negligence on the part of the carrier. But where a plaintiff states a case of specific negligence he abandons his right to the presumption arising from the rule of *res ipsa loquitur*, and voluntarily takes upon himself the burden of proving the specific negligence charged. [McGrath v. Transit Co., 197 Mo. 97; Feary v. Railway, 162 Mo. 75.]

The foregoing shows that plaintiff failed to make a case on the pleadings; but as an amendment to the petition may be thought proper, we will not reverse outright.

The judgment is therefore reversed and the cause remanded. All concur