VIOLA C. HERRIES, RESPONDENT, v. BOND STORES, INCORPORATED, a Corporation, APPELLANT.—84 S. W. (2d) 153.

St. Louis Court of Appeals.   Opinion filed July 2, 1935.

Rehearing Denied July 16, 1935.

*Wilton D. Chapman* for appellant.

*S. D. Flanagan* for respondent.

HOSTETTER, P. J.—This action was begun in the circuit court of the city of St. Louis on the 10th day of May, 1932, and is a suit for damages on account of personal injuries alleged to have been sustained by plaintiff while a customer in the defendant's store.

The facts as shown by the testimony are substantially as follows:

That plaintiff accompanied her husband to the store belonging to defendant to assist him in the selection of a suit of clothes which he was desirous of purchasing; that when she and her husband entered the store, the salesman went over to another part of the room and procured a chair and brought it and invited the plaintiff to be seated. Plaintiff sat down in the chair and it immediately collapsed and threw her backward on the floor and she sustained injuries. She was assisted to her feet by the salesman and her husband. She saw the chair, but never examined it, after she was assisted up. Another chair was brought to her.

On cross-examination the plaintiff testified that when the clerk brought her the chair to sit on she didn't see anything about it that would indicate it was going to break; that it looked like any other chair that they have in downtown stores; that she saw nothing wrong with the chair and sat down on it and the front part, either one, or both legs, collapsed, and she slid down to the floor; that she did not strike her head and was not unconscious.

The defendant's testimony was to the effect that two boy porters, Penny and Petty, dusted the chairs each morning and that they never noticed anything wrong with this particular chair or any of the chairs; that if they had noticed anything wrong with them they would have taken them off the floor.

Defendant offered no evidence as to what the defects were in the chair, if any, merely offering testimony to the effect that the collapsed chair was taken out by one of the employees. No testimony was offered by defendant as to any inspection of the chair to determine what caused its collapse, and none of its witnesses knew what ultimately became of the collapsed chair and it was not produced at the trial.

In the petition the plaintiff pleaded only general negligence relying on the doctrine of *res ipsa loquitur*.

At the close of all the testimony defendant offered an instruction in the nature of a demurrer to the evidence, which was refused.

The jury returned a verdict in favor of the defendant.

Thereupon, plaintiff duly filed her motion for a new trial and the court sustained it on the ground that the verdict of the jury was against the weight of the evidence. From this action of the court defendant brings the cause to this Court by appeal for review.

It is the contention of defendant that there was no substantial evidence in plaintiff's favor to take the case to the jury, in that the doctrine of *res ipsa loquitur* did not apply and that defendant's instruction in the nature of a demurrer to the evidence should have been given because there was no evidence introduced by plaintiff to sustain the issues on her part, and that there was no evidence adduced by plaintiff to weigh against defendant's evidence.

Defendant places much reliance on the case of Kilgore v. Shepard Co., 52 Rhode Island 151, 158 Atl. 720. That was also a chair-collapsing case. Plaintiff entered the defendant's store for the purpose of purchasing some textile paints which were displayed on a table. The saleswoman was not present and plaintiff on her own initiative moved a chair about six inches from the table and sat down on it and it collapsed and she fell to the floor and sustained injuries and was denied a recovery. The Court held that the doctrine of *res ipsa loquitur* did not apply principally for the reason that both inspection and user must have been in the control of the party charged

with neglect at the time of the injury, whereas, "the chair was under her exclusive control and use from the time she moved it from the table . . . and was voluntarily used by plaintiff without any suggestion on the part of the saleswoman." ·

We do not regard the Kilgore case, *supra,* as being in line with the general current of authority on this subject. The facts are quite similar to the facts in the instant case, with this notable exception, that in the Kilgore case the saleswoman was out when the plaintiff entered the store and the plaintiff selected her own chair and sat in it, whereas, in the instant case the salesman went to the opposite side of the room from where plaintiff and her husband were, and selected the chair himself and brought it to plaintiff to sit down on. An examination of authorities in other jurisdictions will demonstrate that the Kilgore case, *supra,* is out of line with the general current of authorities.

In Rost v. Kee & Chapell Dairy Company, 216 Ill. App. 497, the salient facts are as follows:

Plaintiff was a patron of a dairy company and drank from a bottle of milk furnished by it and swallowed some small sharp jagged pieces of glass and was injured thereby. Her recovery in the lower court was affirmed in the appellate court, one judge dissenting, but *certiorari* was later denied by the Illinois Supreme Court, thus making the majority opinion final.

The majority opinion holds that it cannot be said with reason that any one other than the defendant was to blame; that absolute, positive, ocular proof the law, wisely, does not require; that negligence does not have to be proven beyond a reasonable doubt; that circumstantial evidence is sufficient; that *res ipsa loquitur* is ancient law; that it merely connotes a principle of evidence and generally means inferences we draw from knowledge we obtain through our senses, i. e.: common sense applied to physical things; that the fact that the thing causing the injury being in plaintiff's possession, at the time of the reception of the injury was not important or material, it having been delivered to plaintiff by defendant with the intent that its contents should be drank and consumed.

Even in the dissenting opinion it was said that where there "is an unexplained accident which, according to the common experience of mankind, would not have happened without fault on the part of defendant" the doctrine *of res ipsa loquitur* might be invoked, citing in support thereof, Ash v. Child's Dining Hall Co., 231 Mass. 86, and St. Louis v. Bay State St. Ry. Co., 216 Mass. 255.

In Fox v. Bronx Amusement Company, 9 Ohio, 426, it was held that where plaintiff (a woman) purchased a ticket and went into a motion picture theatre and sat down in a seat provided for use by its patrons and the bottom part of the seat broke, throwing her to the

floor and injuring her, the doctrine of *res ipsa loquitur* applied, and, she was, therefore, entitled to a recovery of damages for her injuries. The following excerpt from the opinion disclosed the attitude of the Court:

"This theatre was under the management of the defendant, and in the ordinary course of things such accidents do not happen if proper care is used. The plaintiff was lawfully in this theatre, had an implied invitation not only to enter the theatre but occupy a seat provided by the management thereof, and she had a right to rely upon the safe condition of the seat provided for her, and the breaking of the seat itself affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

In Moore v. Clagett, 48 App. D. C., 410, (being a suit for damages for injuries sustained by the breaking of a seat in a moving picture theatre) the Court held that where the petition alleged specific acts of negligence the doctrine of *res ipsa loquitur* would not apply, but the plaintiff had the burden of proving the negligence in the manner charged. But where the petition charged general negligence, the doctrine would apply in accord with the following excerpts from the opinion, viz.:

"The rule of *res ipsa loquitur* arises in a case where the accident is such that, in the ordinary course of events, it would not have happened except through the negligence of the defendant, and where the facts relating to the accident are peculiarly within his knowledge. In such a case, from the mere happening of the accident, a presumption of negligence arises, which, if not satisfactorily explained by the defendant, authorizes a recovery. [Sweeney v. Erving, 228 U. S. 233, 240, 57 L. Ed. 815, 818, 33 Sup. Ct. Rep. 416, Ann. Cas. 1914D, 905.] It is within the election of the plaintiff to avail himself of the rule by merely alleging and proving the circumstances of his presence, the accident, and the injuries sustained. . . . The reason for the rule is stated in Roscoe v. Metropolitan Street R. Co., 202 Mo. 576, 101 S. W. 32, as follows: 'General allegations of negligence are permitted because plaintiff, not being familiar with the instrumentalities used, has no knowledge of the specific negligent act or acts occasioning the injury, and for a like reason the rule of presumptive negligence is indulged."

In Lyttle v. Denny, 222 Pa. State Rep. 395, 71 Atl. 841, 20 L. R. A. (N. S.) 1027, it appeared that plaintiff became a guest at a hotel and there was assigned to him a room containing an old style folding bed with a wardrobe in the back, and so constructed that the bed would fold up and be in an upright position when not in use. The top of the bed weighed about three hundred pounds and plaintiff occupied the bed during the night, and when about to rise in the morning, the

top, or upright portion of the bed, fell forward on him inflicting injuries. The trial judge held that it was incumbent on plaintiff to show in detail just what was wrong with the bed and the reason for its falling, and non-suited him because he was unable to do so. But the Supreme Court took the opposite view, as shown by the following extracts from the opinion, viz.:

"The accident was so far out of the usual course that no fair inference can arise that it could have resulted from anything less than negligence upon the part of the management of the hotel. . . . This could not have occurred had the bed been in proper condition for use. We think the facts bring the case within the rule laid down in Scott v. London Dock Co., 3 Hurlst. & C. 596, and often applied by this court, as in Delahunt v. United Teleph. & Teleg. Co., 215 Pa. 241, 114 Am. St. Rep. 958, 64 Atl. 515, where the principle is stated as follows (page 248 of 215 Pa.): 'Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanations by the defendants, that the accident arose from want of care.' The circumstances under which this accident occurred were certainly such as to call for full explanation by the defendant. The facts indicate a lack of reasonable care upon his part, and it is for him to show why he should be relieved from liability."

In Larrabee v. Des Moines Tent & Awning Company, 189 Iowa, 319, 178 N. W. 373, it was held that where a group picture was being taken by a photographer and circus seats, which had been let to him for that purpose, collapsed and plaintiff was injured, he made a *prima facie* case against the photographer by making proof of the injury alone, the court remarking that: "These circumstances sufficiently tended to show negligence of some kind, within the range of this defendant's duty to plaintiff, and he was entitled to go to the jury thereon. It was, of course, open to this defendant to rebut such tendency by such evidence as he could produce."

In McCloskey v. Koplar, 329 Mo. 527, 46 S. W. (2d) 557 (a *res ipsa loquitur case*), it was held that the requirement that the instrumentality causing the injury, be under the management and control of the defendant "does not mean, or is not limited to, actual physical control, but refers rather to the right of control at the time the negligence was committed (45 C. J., Sec. 781, p. 1216)."

The general statement of the law as contained in the above Corpus Juris citation is as follows:

"According to some authorities, in order to invoke the doctrine, it must appear that the injuring agency was under the control or management of defendant at the time of the accident. However, it

has been held that there is nothing in the reason for the rule or the principles upon which it is founded to support the contention that its application is so limited, and that under some circumstances it is sufficient if it appears that the injuring agency was in the control of defendant at the time of the negligent act which caused the injury, although not in his control at the time of the accident. Conclusive evidence of the control or management of the agency causing the injury by defendant is not required, but such fact, as in other cases, may be established by evidence sufficient to warrant the inference of its existence.''

The California case cited by our Supreme Court in the McCloskey case, *supra* (Van Horn v. Pacific Refining & Roofing Co., 27 Cal. App. 105, 148 Pac. 951, 953), holds similarly as shown in the following extracts from its opinion:

''The rule . . . to the effect that the exclusive control and management of the appliance causing the injury must be shown to have been in the defendant, must be taken to refer to the right of such control; otherwise . . . the doctrine of *res ipsa loquitur* could seldom if ever be given application.''

. This decision is referred to approvingly in a recent California case, Wright v. So. Counties Gas Co. (1929), 102 Cal. App. 656, 283 P. 823, 827.

A like holding is found in Goldman, etc., Bottling Co. v. Sindell, 140 Md. 488, 17 Atl. 866; Rost v. Kee, etc. Dairy Co., 216 Ill. App. 497.

There certainly cannot be any evidence in the *instant* case that plaintiff did anything or could have done anything to cause the accident other than to sit down in the chair when invited by defendant's salesman so to do. Its immediate collapse under her normal weight of 126 pounds, was a most unusual, extraordinary and unexpected debacle.

What more natural, what more in consonance with sound reason, and sound common sense, than to attribute the defective condition of the chair, which surely must have existed, to defendant, the owner and custodian of the chair?

The plaintiff was the innocent, unsuspecting, confiding victim and by no stretch of the imagination could she be charged with any dereliction of duty in bringing about the collapse of the chair. Defendant had the ownership, management and control of the chair, and had full opportunity to inspect the chair and ascertain its actual defective condition and had it fulfilled its duty it would not have allowed it to become in such a defective condition that it would have injured one of its customers who was invited to sit in it.

These inferences are unavoidable to the normal mind. So that when plaintiff proved the facts, i e., that she was a customer, that she

was an invitee of defendant's agent, who furnished her the chair to sit in, that she sat down in it and that it immediately collapsed throwing her to the floor and injuring her, she certainly made a *prima facie* case, and it was then up to defendant to explain in order to escape liability.

The following text from 45 C. J., p. 1216, Sec. 782, is *apropos*:

"The presumption or inference of negligence arising by virtue of the doctrine of *res ipsa loquitur* is not conclusive of the question, but may be overcome by any appropriate evidence. However, where the circumstances of the particular case are such that the doctrine is applicable, it operates to establish a *prima facie* case for plaintiff, which, if unexplained, carries the question of negligence to the jury as sufficient to warrant a finding of negligence and support a recovery based thereon."

The following Missouri authorities are cited in support of the text: Myers v. City of Independence (Mo. Sup.), 189 S. W. 816; Chadwick v. St. Louis Transit Co., 195 Mo. 517, 93 S. W. 798; Gannon v. Laclede Gaslight Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907, 43 L. R. A. 505; Brod v. St. Louis Transit Co., 115 Mo. App. 202, 91 S. W. 993; Thompson v. St. Louis & S. R. Co., 111 Mo. App. 465, 86 S. W. 465.

The action of the trial court in sustaining plaintiff's motion for a new trial should be affirmed and the cause remanded, and it is so ordered. *Becker* and *McCullen, JJ.,* concur.