THEODORE COURIS *vs.* CASCO AMUSEMENT CORPORATION.

Essex. January 6, 1956. — March 28, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Theatre, Res ipsa loquitur.

Evidence merely that a seat in a theatre in which a patron was sitting suddenly collapsed and he fell to the floor warranted a finding of negligence of the proprietor of the theatre toward him under the doctrine of res ipsa loquitur.

TORT. Writ in the Superior Court dated August 10, 1953.

The action was tried before *Morton*, J.

*James A. Liacos*, for the plaintiff, submitted a brief.

*Frank M. Lewis*, for the defendant.

WILLIAMS, J.   This is an action to recover damages for personal injuries received on November 25, 1951, in Peabody when a seat in a theatre maintained and operated by the defendant collapsed.   There was evidence that while the plaintiff, who was a ticket holder, was "watching the show," the seat in which he was sitting "suddenly collapsed," and he fell to the floor.   A bolt which had come out of the seat was later found.   The seat was one of the five hundred or six hundred wooden seats which were provided for patrons. "[C]hildren would come into the theatre building sometimes to play and break the seats."   On this evidence, which was all that was offered by the plaintiff on liability, the defendant rested.   Its motion for a directed verdict was denied subject to its exception.   A verdict for the plaintiff was returned and recorded under leave reserved to enter a verdict for the defendant.   Thereafter the defendant filed a "motion for judgment in accordance with leave reserved" which the judge allowed.   The plaintiff then excepted.

The defendant owed to the plaintiff, a business visitor, the duty to exercise reasonable care in maintaining the seat which he was expected to occupy in a reasonably safe condition.   *Hale* v. *McLaughlin*, 274 Mass. 308.   *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311.   As the plaintiff offered no evidence as to the cause of the seat's collapse, the question for decision is whether under the doctrine of res ipsa loquitur evidence of the collapse was in the circumstances sufficient to warrant a finding of the defendant's negligence.   This doctrine is a rule of evidence which applies where the direct cause of the accident and so much of the circumstances as were essential to its occurrence were within the sole control of the defendant (*Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 425) and permits the fact finding tribunal to infer from the occurrence itself that in the light of ordinary experience the accident would not have happened unless the defendant had been negligent.   *Graham*

v. *Nadger,* 164 Mass. 42, 47. *Beattie* v. *Boston Elevated Railway,* 201 Mass. 3, 6. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235.

The principle has been applied in cases involving the unexplained derailment of a railway car (*Gilchrist* v. *Boston Elevated Railway,* 272 Mass. 346, 351, and cases cited), the extraordinary lurch of a public conveyance (*Convery* v. *Eastern Massachusetts Street Railway,* 252 Mass. 418, 421, and cases cited), and the fall of an object from the defendant's premises (*Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196; *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138). See cases cited in *Knych* v. *Trustees of New York, New Haven & Hartford Railroad,* 320 Mass. 339, 342–343.

The jury would be warranted in finding that the unexplained collapse of the seat in question while being used in a normal manner was due either to defective construction or to lack of repair, and that its unsafe condition was more likely attributable to negligence on the part of the defendant than to some other cause. *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587, 592–593. *Beaulieu* v. *Lincoln Rides, Inc.* 328 Mass. 427. See *Knych* v. *Trustees of New York, New Haven & Hartford Railroad,* 320 Mass. 339, 343. The case is distinguishable from *Briggs* v. *New Bedford Amusement Co. Inc.* 315 Mass. 84, on which the defendant relies, where the nature of the defect indicated a reasonable probability that it was of recent origin. We need not discuss the allowance of the defendant's motion for judgment except to point out that the practice was irregular. *Cunningham* v. *Boston & Maine Railroad,* 309 Mass. 215, 216. The plaintiff's exception is sustained. The order allowing the defendant's motion for judgment is set aside, and the verdict of the jury is to stand.

*So ordered.*