LETA VAY DENISON, appellee, v. RAYMOND A. WIESE, d/b/a Ken's Korner Tavern, appellant.

No. 49964.

(Reported in 102 N.W.2d 671)

MAY 3, 1960.

McDonald & McCracken, of Davenport, for appellant.

Betty, Neuman, Heninger, Van Der Kamp & McMahon, of Davenport, for appellee.

LARSON, C.J.—When one falls off a bar stool in a tavern there is usually a strong suspicion, if not an implication, that he has had too much to drink, but there may be other causes, including the one urged in this action to recover for physical injuries suffered by plaintiff when she fell from such a stool in defendant's tavern at 332 Brady Street in Davenport, Iowa, at about 11:40 p.m., July 11, 1958. It was her contention that the

defendant failed to exercise reasonable care to provide, maintain and keep the premises and its fixtures safe for their contemplated use. Contending there was no competent or relevant evidence from which a jury could have found that plaintiff's injuries were proximately caused by any negligence of the defendant, or that he breached or violated any duty owing to the plaintiff, the defendant appeals from a verdict and judgment in favor of the plaintiff-invitee in the sum of $9000. Assigned as error was the trial court's denial of defendant's motion for a directed verdict at the close of plaintiff's case and at the close of all evidence, and its denial of defendant's motions for judgment notwithstanding the verdict and for a new trial. We agree with the trial court's conclusion.

I. The question of whether it was correct to submit the matter to the jury in such a case, of course, depends upon whether the relevant and material facts and circumstances disclosed were such that reasonable and prudent minds might differ upon the question of negligence. Holmes v. Gross, 250 Iowa 238, 246, 93 N.W.2d 714, 719; 65 C. J. S., Negligence, section 251. If the evidence is conflicting or is such that reasonable men may fairly differ as to the conclusions or inferences to be drawn therefrom, it should be submitted to the jury.

Plaintiff's petition alleged defendant was negligent "(1) In failing to provide the plaintiff with a safe place to sit while drinking beverages available for sale in the tavern. (2) In furnishing his patrons, and more particularly the plaintiff, with an unsafe, wobbly and defective bar stool seat upon which to sit. (3) In failing to make a reasonable inspection of the bar stool seats in his premises so as to discover the wobbly and unsafe condition of the bar stool seat in question. (4) In failing to warn the plaintiff that the bar stool seat in question was wobbly, unsafe, defective and dangerous for her to sit on. (5) In failing to repair the bar stool seat in question so as to render it safe to tavern patrons, including the plaintiff." These specifications were submitted to the jury.

No issue is raised as to the ownership of the tavern and its fixtures, as to the status of plaintiff's being an invitee, or as

to her freedom from contributory negligence. The questions involved are only those relating to defendant's negligence.

II. In such an appeal the record must be viewed in the light most favorable to plaintiff. Chenoweth v. Flynn, 251 Iowa 11, 99 N.W.2d 310; Wood v. Tri-States Theater Corp., 237 Iowa 799, 23 N.W.2d 843.

III. The rule which imposes upon an owner or occupant of property the duty to maintain his premises in a reasonably safe condition, and to warn invitees of latent or concealed defects, is so well established as to need no citation of authority. It is said in 38 Am. Jur., Negligence, section 102, page 763:

"The facts of the particular case are, of course, controlling upon the question of negligence in respect of a dangerous condition upon the premises, and ordinarily the question whether an owner or occupant has been negligent in this respect toward a person whom he has invited upon the premises is to be decided by the jury."

Also see Chenoweth v. Flynn, supra; Holmes v. Gross, supra, 250 Iowa 238, 93 N.W.2d 714, and citations; Lindquist v. Des Moines Union Ry. Co., 239 Iowa 356, 30 N.W.2d 120; Atherton v. Hoenig's Grocery, 249 Iowa 50, 86 N.W.2d 252.

Viewing the facts in the light most favorable to plaintiff, then, we think the plaintiff has established a prima-facie case sufficient to generate a jury question upon the issue of primary negligence of the defendant. The record discloses that the plaintiff, accompanied by her husband and their friends, Mr. and Mrs. Elmer Sadler, entered defendant's tavern at about 11:10 p.m. She was familiar with the tavern and knew the manager, Mr. Paul Dice. She seated herself on a bar stool facing the bar and ordered a Rhine wine and seltzer. It was never consumed. In the tavern there were seventeen stools along the bar, *all of the same style and design.* Plaintiff sat on one next to her friend, Mrs. Sadler. Mr. Dice occupied a stool on her left. Plaintiff was not intoxicated, having had only one Rhine wine and seltzer prior to her visit to this tavern. After conversing with Mr. Dice and Mrs. Sadler for some 15 or 20 minutes, the women decided to go to the rest room. Mrs. Sadler led and as plaintiff made a quarter turn on the stool's swivel seat pre-

paring to dismount she felt the seat wobble under her and it tipped and threw her to the floor. She estimated the seat tipped two inches or more on its base. She did not have her feet on the stool rungs, and her effort to catch herself on the next stool failed. The stool did not tip over, but in her fall from it she suffered serious injuries requiring medical and surgical treatment. All of the stools, while old looking, appeared to be all right, and she did not detect any wobble in the seat of her stool until she turned to get off it.

The stools were of the four-legged variety, with steel tubular legs coming together just under the cushion top or seat. The cushioned seats are attached to the legs by a bolt, the head of which fits into the seat. There is a hole in the top of the base where the legs meet, and this bolt extends through that hole. A nut is placed on the bolt, which when tightened holds the seat to the legs in a firm manner. When it becomes loose the seat will tip or wobble, the extent depending on the looseness of this connection.

The bartender, Mr. Richard F. Baker, saw plaintiff fall and went to her assistance. He examined the stool from which she fell and testified that he found a wiggle in the top of the stool. In response to the question as to how much it wiggled, he said: "Oh, I'd say anywhere from a quarter to a half an inch wiggle." Such testimony generates a question of fact as to how much the seat wiggled or tipped, $\frac{1}{4}$ inch or 2 inches or more. Obviously that determination was peculiarly for the jury, and, upon a finding that the seat tipped two inches or more, it might also determine that such a wobble made the seat so unsafe, dangerous and defective that its permitted use violated defendant's duty to an invitee who was injured thereon. In fact, such evidence required the submission of these questions to the jury.

The law involved herein is well settled. While the possessor of real property is not an insurer of invitees who come upon the property (Anderson v. Younker Bros., Inc., 249 Iowa 923, 89 N.W.2d 858, and citations), he has a duty to use reasonable care to keep the property and fixtures thereon in reasonably safe condition for their contemplated use. Chenoweth v.

Flynn, supra; Primus v. Bellevue Apartments, 241 Iowa 1055, 44 N.W.2d 347, 25 A. L. R.2d 565; Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 57 N.W.2d 225.

■ IV. Of course the mere fact that an accident happened does not of itself create or infer liability. The owner's duty, we have often said, applies only to defects or conditions which are in the nature of dangers, traps, snares, pitfalls, and the like, which are not obvious or known to the invitee, but which are, or in the exercise of due care should be, known to the possessor. In other words, liability in such cases is based on superior knowledge of the invitor, or such knowledge as he may be shown charged with in the situation involved. See Atherton v. Hoenig's Grocery, supra, 249 Iowa 50, 55, 86 N.W.2d 252, and many authorities cited therein; 65 C. J. S., Negligence, section 50, pages 541, 542; 38 Am. Jur., Negligence, section 97, pages 757, 758. In Restatement, Torts, Volume 2, section 343, it states:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, * * *."

■■ Defendant complains that testimony was admitted by third persons as to the condition found in the tavern stools six days before the accident. While it is true, as a general rule in an action for negligence, evidence of other independent and disconnected acts of negligence which could not have contributed to the plaintiff's injuries is not admissible to establish the negligence charged, the testimony of Mr. and Mrs. Sadler that within a week previous to this accident they had encountered stools at this bar whose seats were so wobbly that they changed stools was admissible as bearing on the question of defendant's exercise of due care in inspecting and maintaining the stools. Burchmore v. Antlers Hotel Co., 54 Colo. 314, 130 P. 846, 847.

Mr. Dice also testified that on occasions prior to July 11, 1958, stools with loose seats had been discovered, and therefore

he inspected them regularly once a month. He testified the seats were known to have a tendency to loosen with use and that this was a progressive tendency, that when such were discovered they were tightened with a wrench or, if such remedy was ineffective, they were sent out to the Modern Welding Service to be shimmed or welded. His last inspection had been made about three weeks prior to the accident. It also appeared that within a week afterwards several stools were sent out for repair. In the period of a year all stools had been repaired. No one had warned the plaintiff as to the stools or their condition, and there was nothing visibly wrong with the one she used. It had no broken parts.

Clearly, it was competent to show that the tendency of these stools to develop loose seats was known to defendant, and from the foregoing testimony the jury could find there was a lack of due care in their inspection and repair. We think the evidence sufficient to sustain a finding that defendant knew or should have known of the condition of this stool on July 11, 1958, and that by the exercise of due diligence for the welfare of his invitees he was charged with knowledge that this bar stool had become unsafe in ample time to have had it repaired prior to the accident.

V. Defendant contends, without merit, that the court erred in giving court Instruction No. 5 (Paragraphs 3 and 4), and Nos. 6, 7, 7½, 12 and 13. All are predicated upon his contention that the plaintiff had failed to show by competent evidence that defendant had any notice, actual or constructive, that his premises were not maintained in a safe condition or that his stools, including the one on which plaintiff sat, were defective, and that the instructions did not clearly instruct the jury that it was plaintiff's burden to prove same by a preponderance of the evidence before she could recover. As indicated, we think sufficient competent evidence to prove such knowledge in defendant, actual or constructive, was introduced, and we find that when the instructions are taken as a whole the jury was properly told of such plaintiff burden. For the same reason defendant's Requested Instructions Nos. 3, 6 and 7 were refused. We agree with the trial court.

The grounds listed in defendant's exceptions were "that there is no evidence in the record to warrant submission to the jury of the question of the negligence of the defendant, and for all the reasons urged in defendant's motion for directed verdict." It is true, as plaintiff contends, that such general exceptions are not looked upon with favor (rule 196, R. C. P.). However, we have carefully examined these grounds and have determined that there was sufficient evidence that defendant had failed in his duty to maintain his premises in a safe condition for invitees, and had notice of that unsafe condition, actual or constructive, for a reasonable period prior to this accident.

It is, therefore, concluded that the instructions given by the court, taken as a whole, were proper, were not erroneous, and were not prejudicial to defendant.

Having found no reversible error the judgment must be affirmed.—Affirmed.

All JUSTICES concur except BLISS and OLIVER, JJ., not sitting.