CARNEGIE INSTITUTE OF MEDICAL LABORATORY TECHNIQUE, INC. *vs.* APPROVING AUTHORITY FOR SCHOOLS FOR TRAINING MEDICAL LABORATORY TECHNOLOGISTS. December 30, 1965. This petition by Carnegie Institute against the approving authority attacks the conduct of a hearing by the authority upon the petitioner's application for approval as a school. This petition is apparently brought pursuant to G. L. c. 112, § 2 (which is conceded in the Attorney General's brief), and a principal objection is the sufficiency of the evidence. The trial judge denied the petitioner's motions to remand and to amend which contained allegations as to the invalidity of St. 1955, c. 759. The issue of invalidity, therefore, was not passed upon by the trial judge, who made no reference thereto in his findings and rulings. The authority urges that ·the petitioner's appeal was not timely. We do not prolong this opinion by a discussion of this issue, because it is clear from our decision of today in the case of the same name, *ante,* 26, that the approving authority has no valid existence. It would be incongruous to hold simultaneously that its existence is both valid and invalid. Accordingly, we reverse the decree affirming the decision of the authority.

*So ordered.*

*Lenahan O'Connell* for the petitioner.
*David Lee Turner,* Assistant Attorney General, for the respondent.

EDITH ZIEFF *vs.* CUTTER FIRE BRICK COMPANY, INC. & others. December 30, 1965. This is an action of tort to recover for injuries sustained by the plaintiff when "her foot hit the fringe of . . . [a] rubbish pile" and a piece of "glass shot down and hit her in the right foot." The rubbish was deposited some three or four yards from the rear entrance to the plaintiff's place of work. The plaintiff knew that workmen of the defendant Cutter Fire Brick Company, Inc. were repairing the premises for the other defendants, the trustees of the Lynn Realty Trust. She saw the pile of debris "when she went to work" and as she left the building to go home. The accident occurred on her way home when she attempted to "squeeze" between the rubbish pile and a truck which had been left for the night. The other employees used the front door and "she was the only one who went out the back door that day." The presence of material as an incident to construction or repair in an obvious place which may be avoided by the plaintiff does not violate any duty owed her by the defendants. *Forgione* v. *Frankini Constr. Co.* 308 Mass. 29, 31–32. *Zega* v. *Kingston,* 346 Mass. 773. There was no error in directing verdicts for the defendants.

*Exceptions overruled.*

*Charles Ingram* for the plaintiff.
*Louis K. Nathanson* for Douglas F. Shafner & others, trustees.
*John Z. Doherty* for Cutter Fire Brick Company, Inc.