[Civ. No. 30499. Second Dist., Div. One. Feb. 7, 1967.]

RUDOLPH R. DENNIS, Plaintiff and Respondent, v. CARO-LINA PINES BOWLING CENTER, Defendant and Appellant.

McBain & Morgan and Elmer O. Docken for Defendant and Appellant.

Aidlin, Martin & Mamakos and Arthur L. Martin for Plaintiff and Respondent.

LILLIE, J.—Plaintiff, after patronizing the place of business conducted by defendant Carolina Pines, attempted to leave the premises through a glass "exit" door and sustained injuries to his left arm when the glass became dislodged from the aluminum door frame. The glass and door frame manufacturers, respectively, were exonerated from liability upon the theory that neither then exercised control of its product. The trial court found, however, that at the time in question the subject door was under the exclusive control of defendant Carolina Pines, that it was defective and unsafe for its intended use, that a reasonable inspection would have revealed such defective condition, and that plaintiff's injuries were not due to any negligence on his part. Judgment was rendered accordingly. The sole issue on this appeal is whether the facts warranted the application by the court of the doctrine of res ipsa loquitur; and, if properly invoked, whether the inference of negligence arising therefrom was balanced or overcome by Carolina Pines.[1]

---

[1]It is now settled that the doctrine, if applicable, raises an inference of negligence. (*Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432, 436 [260 P.2d 63].)

■ The three prerequisites for the application of the doctrine have been set forth many times; the following is a more recent statement: (1) The accident must be caused by an agency or instrument under the exclusive control of the defendant; (2) the accident must be of a type which does not happen unless someone is negligent; and (3) it must not have been due to any voluntary act or contributory fault of the plaintiff. (*Roddiscraft, Inc.* v. *Skelton Logging Co.*, 212 Cal. App.2d 784, 793 [28 Cal.Rptr. 277].) Conceding that the accident at bar is of a kind which ordinarily does not occur in the absence of someone's negligence, (2) *supra*, appellant nevertheless argues that the other two conditions have not been met. The general rule governing the liability of the owner for a business invitee's injury is also discussed, namely, it must be shown that a dangerous condition existed and that the owner failed to remedy the defect after he has discovered it or as a man of ordinary prudence should have discovered it. (*Oldenburg* v. *Sears, Roebuck & Co.*, 152 Cal. App.2d 733 [314 P.2d 33].) But *Oldenburg* and other decisions relied on by appellant were "slip and fall" cases to which the doctrine of res ipsa loquitur does not apply; as stated in *Vaughn* v. *Montgomery Ward & Co.*, 95 Cal.App.2d 553, 556 [213 P.2d 417]: "No inference of negligence arises based simply upon proof of a fall upon the owner's floor. The doctrine of res ipsa loquitur is not applicable to such cases." In light of appellant's concession, above mentioned, that the happening in suit does not ordinarily occur unless somebody was negligent, the general rule governing the care due a business invitee is not determinative of this appeal.

Prior to the incident complained of, respondent and his wife had spent about three hours at appellant's place of business which, it appears, they were patronizing for the first time. Making their departure, respondent's wife preceded him by three or four steps through the subject door. Its single panel contained quarter-inch plate glass mounted in an aluminum frame. A push bar-handle was located about four feet from the floor. The door's swinging motion was regulated by a device known in the trade as a "Dor-O-Matic" hydraulically operated; if swung strongly enough, further motion was restrained by a door stop or "button" located on the floor. When respondent reached the threshold of the door, it was moving out (and away) from him. He grabbed the bar-handle with his left hand assertedly to prevent it from hitting the wall behind the door stop. As he did so, the door stopped and

a section of the glass shattered and fell on his extended left arm, causing a deep laceration.

While both respondent's wife and a police officer testified that before and after the accident the door would open with a slight or normal amount of pressure, another witness for the respondent, one Eisenberg, tested the door some days thereafter and noticed that when the door opened and touched the "button" or "stop," the frame tended to continue an inch or so toward the wall: "The upper portion of the frame tended to continue. With my opening motion, the door would stop, the top of the frame would tend to continue going toward the wall."

A qualified civil engineer, George Bernharth, stated that unlike other doors, the glass in the subject door had no structural function and that its strength must be supplied by a rigid aluminum frame. Since glass cannot be flexed, "If the door frame is not rigid this means that all the load to which it is subjected and the deformation which occurs thereafter is transmitted to the glass itself which, consequently, means that the glass has to deflect with the frame." In his opinion, therefore, the accident was due to the lack of rigidity in the frame that caused a deflection which was transmitted to the glass, thereby causing the glass to break. The witness further testified that if the frame were rigid and properly constructed and designed, no harmful result would ensue if the door hit the doorstop, singly or repeatedly; but he corroborated the testimony of the witness Eisenberg by stating that the laws of motion would tend to cause the upper part of the door to remain in motion if the door swung freely open and the bottom part hit the doorstop.

After motions for judgment under section 631.8, Code of Civil Procedure, were denied,[2] appellant called its bowling manager who testified that prior to the accident he had observed nothing wrong with the door; that some five or ten minutes before the incident in suit, he himself had used the door and found it to be operating normally; and that he had never received any complaints about the way it functioned. The only other defense witness testifying to the issues on this appeal, was a civil engineer, Thomas Shields, who found the

[2]Added in 1961, such section substantially provides in pertinent part that after the presentation of plaintiff's case in a nonjury trial, the defendant may move for a judgment without waiving his right to offer any evidence. The court, as trier of facts, must then weigh the evidence and may then render a judgment in favor of the movant; or he may decline to render any judgment until the close of all the evidence.

door, upon an inspection conducted some eleven months after the accident, in good operating condition with no defect in design or manufacture. He further testified that the shattering of the glass could have been caused by a direct blow forthcoming with sufficient force, also stating that if the door was slammed hard enough against the doorstop the glass might be shattered. On cross-examination, however, he conceded that there could be a ''whipping action'' in the upper right hand corner of the door if it swung freely open and then was stopped at the lower right hand corner.

As shown at the outset, it is contended that the accident was due to respondent's own voluntary act in which event the doctrine of res ipsa loquitur does not apply. Respondent's conduct, it is urged, was improper and negligent ''and was in fact the only proximate cause of the accident.'' No facts are developed to support the above claim of contributory negligence, it simply being asserted that respondent and his wife were active in the use and control of the subject door. ■ However, ''a plaintiff may properly rely upon res ipsa loquitur even though he has participated in the events leading to the accident if the evidence excludes his conduct as the responsible cause.'' (*Zentz* v. *Coca Cola Bottling Co.*, 39 Cal. 2d 436, 444-445 [247 P.2d 344].) ■ The extent to which a plaintiff must account for his own conduct in cases of this kind is explained by Prosser in his oft-cited article *Res Ipsa Loquitur in California*, 37 Cal.L.Rev. 183, 201-202, as follows: ''[T]he plaintiff's mere possession of a chattel which injures him does not prevent a res ipsa loquitur case where it is clear that he has done nothing abnormal and has used the thing only for the purpose for which it was intended. The plaintiff need only tell enough of what he did and how the accident happened to permit the conclusion that the fault was not his. Again he has the burden of proof by a mere preponderance of the evidence; and even though the question of his own contribution is left in doubt, res ipsa loquitur may still be applied under proper instructions to the jury.'' After approvingly referring to the above statement of the law. the *Roddiscraft* case, *supra* (212 Cal.App.2d 784) concludes: ''Therefore, unless it can be said that the evidence here, as a matter of law, does not exclude the conduct of plaintiffs as a responsible cause they are not deprived of the benefit of the doctrine.'' (P. 802.)

■ Under no circumstances can it here be said that respondent's conduct as a responsible cause of the accident may

not be excluded as a matter of law. If credence is given his account of the accident, his use of the subject door was not an abnormal one; to the contrary, as he testified, he simply grabbed the bar-handle to prevent the door from hitting the wall behind the button or doorstop. ▉ Appellant, however, contends that even if contributory negligence be eliminated as a contributing factor, there was a failure of proof that its negligence, or that of a third person, was probably the cause of the happening. As stated in *Zentz* v. *Coca Cola Bottling Co., supra,* 39 Cal.2d 436, 443: "[T]he doctrine is not applicable where it is 'at least equally probable that the accident was caused by some fault . . . for which defendants were not liable' and where 'it cannot be said that it is more likely than not that the accident was caused by the negligence of *defendants.*' " But as further stated in *Zentz,* at pages 443-444, it is not necessary for the plaintiff to exclude all other persons who might have been responsible where the defendant's negligence appears to be the more probable explanation of the accident. In the present case a finding of greater probability that defendant's negligence caused the accident is made more supportable by the court's determination that the door was under the exclusive control of appellant. Thus, "In dealing with this problem [of greater probability] the courts have usually said that the defendant must have 'management' or 'control' of the agency or instrumentality which caused the injury. [Citations.] It has been stated that the purpose of this requirement is to eliminate the possibility that the accident was caused by someone other than the defendant. [Citations.]" (*Zentz* v. *Coca Cola Bottling Co., supra,* at p. 443.)

▉ Whether this doctrine of greater probability should be applied to a given case is usually a jury question (*Borenkraut* v. *Whitten,* 56 Cal.2d 538, 547 [15 Cal.Rptr. 635, 364 P.2d 467]), and we see no reason why the circumstances here warrant any deviation from the above rule. The issue, therefore, being determinable by the trier of fact, the court in this nonjury trial had to weigh the evidence, pro and con, bearing on the subject question. In so doing, it had the right to consider the expert testimony produced by respondent which explained the cause of the accident. Absent such testimony, the situation would perhaps be akin to that in *Honea* v. *City Dairy, Inc.,* 22 Cal.2d 614 [140 P.2d 369], where the court, citing non-California cases, pointed out that because of the physical characteristics of glass an inference of negligence cannot be drawn from breaking alone. Cases from other jurisdictions, collected

in a more recent annotation (68 A.L.R.2d 1204 et seq.), likewise hold that the proprietor of a store is not liable to a business invitee under conditions similar to that here encountered in the absence of some showing that the door was defective. ▆ In our case, however, such showing was made by respondent's expert. Since he was qualified and competent, we cannot undertake to say that his explanation of the accident is either inherently improbable or unworthy of belief, nor may we usurp the prerogative of the trier of fact and declare that his testimony carries less weight than that forthcoming from the expert produced by appellant. Says Prosser on this point: "That conclusion is not for the court to draw, or to refuse to draw so long as there is enough to permit the jury to draw it; and even though the court would not infer negligence, it must still leave the question to the jury where reasonable men may differ as to the balance of probabilities." (*Supra,* 37 Cal.L.Rev. 194-195.) We therefore conclude that there is substantial evidence to support the determination that respondent's conduct did not contribute to the accident and that it is more probable than not appellant's negligence by its exclusive control of a defective door caused respondent's injuries.

▆ The above conclusion, impliedly if not expressly, disposes of appellant's remaining point on res ipsa loquitur that it was not in exclusive control of the subject door. It has been consistently held since *Metz* v. *Southern Pacific Co.,* 51 Cal. App.2d 260 [124 P.2d 670], that management and control of the instrumentality include *the right of control.* (*Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335]; *Roddiscraft, Inc.* v. *Skelton Logging Co., supra,* 212 Cal.App.2d 784.) Appellant makes the same argument that was rejected in the *Melody Lane* case where a stool, on which plaintiff was sitting, collapsed: "Plaintiff and his wife were active in the use and control of the subject door prior to and during the course of the subject accident. . . ." In *Melody Lane* such a view was held to be an "artificial" one: "So far as construction, inspection, or maintenance of the stool were concerned, defendant had exclusive control. Plaintiff's action had no more legal significance as a cause of the accident than those of the innocent bystander in the typical res ipsa loquitur case." (39 Cal.2d at p. 487.) On the question of maintenance appellant's manager testified that he had received no complaints as to the door's defective or improper operation, but the trier of fact had the right to disbelieve such testimony. The fact that the

accident occurred in the manner set forth suggests of itself that the door was defective; whether appellant's maintenance and inspections were sufficient to discharge appellant's duty to its invitees were likewise factual questions.

Under a separate heading appellant also contends that at the time of its motion under section 631.8, Code of Civil Procedure, respondent had not (as to appellant) made out a prima facie case of negligence. The same rule governing a nonsuit is applicable to motions under the above section (*Elzarian* v. *Wiser*, 216 Cal.App.2d 506, 515 [31 Cal.Rptr. 126]); and it is elementary that a nonsuit is not warranted unless no inference can be drawn which would support a judgment in plaintiff's favor. For reasons above discussed, such inference was clearly deducible from respondent's case in chief.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.