Craig E. SWEET, Appellee,

v.

Warren L. SWANGEL and Millie Swangel,
d/b/a Gilbert Motel, Appellants.

No. 53217.

Supreme Court of Iowa.

April 8, 1969.

Gilbert, Stoddard & Anderson, Oskaloosa, for appellants.

Fisher & Pickens, Cedar Rapids, and Tomasek & Vogel, Grinnell, for appellee.

STUART, Justice.

Plaintiff was injured when a chair on which he was sitting in his motel room collapsed. His petition seeking to recover damages for personal injuries sustained in the fall contained two counts. The first alleged specific acts of negligence. The second count sought to recover under the doctrine of res ipsa loquitur. The jury returned a verdict for plaintiff on the res ipsa loquitur count.

As all three of appellant's assigned errors relate to the submission of the res ipsa loquitur count, the sole issue before us here is whether this doctrine is applicable to the facts and circumstances of this case viewed in the light most favorable to plaintiff.

On January 14, 1965, plaintiff was in the construction and home improvement business and he and three of his employees were working at Deep River in Poweshiek County. Because of bad weather, plaintiff and his men, instead of returning home to Cedar Rapids, obtained a room at the Gilbert Motel in Montezuma. After showering the four men decided to play cards.

One of the two beds in the room was used as a table and three of the men sat on the bed. Plaintiff, who weighed about 225 pounds, sat on a straight chair which he brought over to the bed from a writing desk in the room. He noticed the chair, which was about the same height as the bed, was a little wobbly but because there was nothing else to sit on he used it.

Very soon after plaintiff sat down and during the first hand of a game of hearts, the chair suddenly collapsed and plaintiff was thrown to the floor and was injured. There were no intoxicating liquors in the room and neither plaintiff nor any of the other men had been drinking.

Defendants purchased the Gilbert Motel on January 1, 1961, and continued to operate it through the date of plaintiff's accident. They took over the buildings and equipment which were in the motel at the time they purchased it, including the chair which collapsed under plaintiff. Defendants determined whether repairs were needed by the appearance of the furniture as they dusted and cleaned the rooms. During the four years they operated the motel they repaired one or two chairs a year. Defendant, Warren Swangel, stated it is possible he had repaired the chair used by plaintiff by gluing it.

Raymond Eckhart, a man who has been in the furniture repair business for 47 years, examined the remains of the chair and testified an attempt had been made to mend it without taking it apart and without any pressure being applied to pull the joints together. Mr. Eckhart stated the chair which he inspected would not have been safe for a man weighing over 200 pounds to sit on. He pointed out the chair is of the type used as a dinette chair in many homes and is a good chair if kept firm. He further testified it was substantial but he could not say it was an exceptionally good chair. It would not stand a lot of heavy use.

■ There was other evidence tending to prove specific charges of negligence to which we will not refer as the applicability of res ipsa loquitur is to be determined from common experience alone and not from the evidence tending to prove a negligent act in the particular case. Smith v. Ullerich, 259 Iowa 797, 804, 145 N.W.2d 1, 5; Shinofield v. Curtis, 245 Iowa 1352, 1360–1361, 66 N.W.2d 465, 470, 50 A.L.R.2d 964, 972.

■ The doctrine of res ipsa loquitur is to be applied sparingly, DeMoss v. Darwin T. Lynner Construction Co., Iowa, 159 N. W. 2d 463, 466, and only when it is shown the instrumentality causing the injury was under the exclusive control and management of the defendant when the negligent act occurred; and the accident was one that would not, in the ordinary course of events, happen without negligence on the part of the one having such exclusive control. Id. Iowa, 159 N.W.2d at 465; Boyer v. Iowa High School Athletic Association, Iowa, 152 N.W.2d 293, 296; Smith v. Ullerich, 259 Iowa 797, 804, 145 N.W.2d 1, 5; Eaves v. City of Ottumwa, 240 Iowa 956, 969, 38 N.W.2d 761, 769, 11 A.L.R.2d 1164, 1176.

■ Where, as here, defendant's exclusive control did not continue to the time of injury, plaintiff must also prove by a preponderance of the evidence there was no change in the condition of the instrumentality after it left defendant's control which could reasonably have caused the injury. Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 151, 106 N.W.2d 351, 353, 84 A.L.R.2d 689.

■ Plaintiff must also eliminate his own conduct as a cause of the injury. "One of the essential elements to the application of the doctrine of res ipsa loquitur is that the injury is caused without the fault of the injured party." Lamb v. Hartford Accident and Indemnity Co., 180 Kan. 157, 300 P.2d 387, 393; 65A C.J.S. Negligence § 220.13, pp. 565–567; Prosser, Law of Torts at 228–229 (3d Ed.

1964). The rule should not be confused with the problem of the contributory negligence. Simmons v. F. W. Woolworth Company, 163 Cal.App.2d 709, 329 P.2d 999, 1002; 65A C.J.S. Negligence § 220.13, p. 567. He may meet this burden by showing he has done nothing abnormal with the instrumentality causing the injury and has used it in the manner and for the purpose for which it was intended. Southern Arizona York Refrigeration Co. v. Bush Mfg. Co., 331 F.2d 1, 7–8 (9 Cir.1964); Dennis v. Carolina Pines Bowling Center, 248 Cal. App.2d 369, 56 Cal.Rptr. 453, 454, 457; Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 139 A.2d 404, 410.

■ "The plaintiff need only tell enough of what he did and how the accident happened to permit the conclusion that the fault was not his. Again he has the burden of proof by a mere preponderance of the evidence; and even though the question of his own contribution is left in doubt, res ipsa loquitur may still be applied under proper instructions to the jury." Prosser, Res Ipsa Loquitur in California, 37 Calif.L.Rev. 183, 202.

Plaintiff testified: "We used one bed as a table and three fellows sat on the bed. I sat on the chair. To my knowledge there was but one chair in the room. I sat on the chair and we just started playing the cards. I think it was the first hand and the chair was a little wobbly. I didn't pay no attention to that. Then boom, and I was on the floor. That's all I know."

On cross-examination he testified: "It seems to me that the chair was at the writing desk prior to the time that I sat on it. I have an idea I must have moved it away from the desk. I imagine the bed was about the same height as the chair. We were playing cards on the bed, a game of hearts. Part of the deck would have been on the bed. In that game you deal out all the cards. Then you play the cards on the bed. I never got to reach for the cards on the bed after sitting on the chair. As to my reaching over the bed, we started

playing and boom the chair went down. At the time the chair collapsed I had my cards in my hand and just went down. The cards were all over the room. As to my straightening up in the chair, I was like I am now. I suppose I did move some in the chair. Immediately prior to the collapse of the chair I had some cards in my hand putting them together and the chair went down, I possibly moved."

This testimony is supported by one of the other occupants in the room.

■ We believe the doctrine of res ipsa loquitur is applicable to the facts and circumstances disclosed by the evidence. The jury could properly infer the injury was probably caused by some negligent act on the part of defendant. Of course, they were not compelled to reach this inference. Even though defendants were in no position to offer evidence disputing plaintiff's version of the accident, the jury could have inferred the chair would not have collapsed unless plaintiff had been using it in an improper manner. Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102, 1105.

■ "The doctrine does not require the jury to find in favor of the plaintiff, but merely affords evidence to carry the question of liability to the jury, which may adopt or reject the conclusion of responsibility on the defendant's part as required by their reason and common sense, applied to all the facts in the case." 38 Am.Jur. 994–995, Negligence § 298.

■ "In the ordinary case res ipsa loquitur merely permits the jury to choose the inference of the defendant's negligence in preference to other permissible inferences. It avoids a nonsuit and gets the plaintiff to the jury; but a verdict for the defendant will be affirmed even though he offers no evidence." Prosser, Res Ipsa Loquitur in California, 38 Calif.L.Rev. 183, 234; Prosser, Law of Torts at 233 (3d Ed. 1964).

Defendant claims plaintiff was not using the chair in an ordinary manner when he sat on it to play cards on a bed of the same height. We do not consider such use so unusual or extraordinary that it prevents the doctrine of res ipsa loquitur from being applicable.

There are no Iowa cases in which res ipsa has been applied to chairs. Denison v. Wiese, 251 Iowa 770, 102 N.W.2d 671, involved charges of specific negligence in a fall from a wobbly bar stool. However, we did apply the doctrine to bleacher seats in Boyer v. Iowa High School Athletic Association, Iowa, 152 N.W.2d 293, and Larrabee v. Des Moines Tent & Awning Co., 189 Iowa 319, 178 N.W. 373. They are analogous to the facts here.

Several other jurisdictions have applied res ipsa loquitur in situations we consider factually similar. Keena v. Scales, 61 Cal. 2d 779, 40 Cal.Rptr. 65, 394 P.2d 809 (swivel chair); Rose v. Melody Lane of Wilshire, 39 Cal.2d 481, 247 P.2d 335 (bar stool); Couris v. Casco Amusement Corp., 333 Mass. 740, 133 N.E.2d 250 (theatre seat); Herries v. Bond Stores, 231 Mo. App. 1053, 84 S.W.2d 153 (chair furnished store patron by salesman); Nownes v. Hillside Lounge, Inc., 179 Neb. 157, 137 N.W. 2d 361 (bar stool); Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N.W.2d 224 (folding chair); Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102 (chair in restaurant); Schueler v. Good Friend North Carolina Corp., 231 N.C. 416, 57 S.E.2d 324, 21 A.L.R.2d 417 (row of chairs attached together); Gow v. Multnomah Hotel, 191 Or. 45, 224 P.2d 552, 228 P.2d 791 (counter stool); Clark-Daniel's, Inc. v. Deathe, Tex. Civ.App., 131 S.W.2d 1091 (folding chair); See Anno: 21 A.L.R.2d 420.

We have not considered those cases in which seats in common carriers have caused injury as the duty of common carriers toward their passengers is higher than that of an innkeeper to his guests.

The trial court did not err in applying the doctrine of res ipsa loquitur to these facts.

Affirmed.

All Justices concur, except BECKER and RAWLINGS, JJ., who concur in result.

BECKER, Justice (concurring specially).

I concur in the result.

My objections to some of the principles adhered to in the majority opinion are set out in a dissent to DeMoss v. Darwin T. Lynner Construction Co., Iowa, 159 N.W. 2d 463, 469 and a concurring opinion in Boyer v. Iowa High School Athletic Association, Iowa, 152 N.W.2d 293, 300.

RAWLINGS, J., joins in this special concurrence.