**Mrs. Anna M. WAGNER, Appellant,**

v.

**NORTHEAST FARM SERVICE COMPANY,
Appellee.**

**No. 53851.**

Supreme Court of Iowa.

May 5, 1970.

a cooling stove. The store's records show the outside equipment including the regulator was loaned to the user. Plaintiff testified she bought the regulator and paid for it over a period of years.

From 1955 until August 1965 she purchased her gas from Haug Stores. In August 1965 she was informed they were no longer in the LP gas business. She called Mr. Kala, defendant's salesman, and purchased a tank of gas. He attached the tank to the existing system and checked for leaks. There was evidence the regulator was covered by a hood at the time Mr. Kala connected the tank. Plaintiff so testified two or three times. An excerpt from her testimony follows.

"I got back there [the evening the tank was connected] and I went to see if my gas was there to see if I could cook my supper * * *. I did notice something different about the way it looked when I came back. Everything was uncovered. The thing that used to be on the regulator and the tank was gone. * * * And before Mr. Kala came, I observed the condition of the tank and before he came it had a cover on it and when I got back in the afternoon, it did not have a cover."

On January 3, 1966 when plaintiff returned from work she smelled gas as she opened the door to her home. She observed the stove valves were shut but heard gas coming from the oven. She went outside to turn off the gas at the tank and found the regulator and valve covered with ice. She could not turn the valve. The explosion occurred as she was re-entering the house.

Arnold Rathkey an expert on gas and gas explosions testified: He examined the regulator after the fire and found it worked properly; if the vent holes in the regulator became plugged with ice, the pressure on the valves on the stove would build up to the pressure within the tank; the oven controls were not made to withstand such pressure and gas would leak

---

Paul D. Strand, Decorah, for appellant.

Miller, Pearson & Gloe, Decorah, for appellee.

STUART, Justice.

Plaintiff has appealed from a judgment on a directed verdict in an action seeking damages for injuries to her person and property sustained as a result of a gas explosion in her home.

In 1955 plaintiff purchased a home and Haug Stores, Inc. installed a single tank liquified petroleum gas system to operate

and be ignited when an oil burner in the house came on.

In Count I plaintiff alleged several items of specific negligence, but we will refer only to those which, under the evidence, could have been a proximate cause of the explosion and resulting injury.

Plaintiff alleged defendant was negligent: "* * * (b) in failing to install said bottle gas system at the residence in such a manner as to guard the regulator attached thereto against the elements, including accumulations of ice so that said regulator on the date complained of was affected by the elements including an accumulation of ice in violation *of the common law* and Rule 1.4(b) of the Rules for 'Storage and Handling of Liquid Petroleum Gases' as set out in the 1962 Iowa Departmental Rules. * * *

"(d) in failing to install a hood or cover to protect the regulator installed at Plaintiff's residence against the elements in violation *of the common law* and Iowa Departmental Rule 1.4(b) as set out aforesaid." (Emphasis supplied)

Before trial the words "of common law" were stricken from the petition on defendant's motion and the case proceeded to trial only on the alleged violation of the rules. At the close of plaintiff's case, which included evidence supporting the summary set out earlier, the trial court sustained defendant's motion for directed verdict on the ground that the evidence failed to show defendant installed a "bottle gas system" on plaintiff's premises and that the pleaded regulations dealt with the installation of the system, not the connection of a tank of gas to the existing system.

The court commented: "The evidence does show that the defendant sold a cylinder of gas to the plaintiff and installed it. And there was evidence from which it could be found that in connection with such installation the hood over the regulator either was removed or was not replaced. * * * I believe counsel for defendant stated in argument that the plaintiff hasn't proved what she alleged and that she hasn't alleged what she proved or intended to prove by the evidence."

Immediately following the court's ruling on the motion for directed verdict, plaintiff moved to amend her petition to plead specifications of common law negligence alleging defendant was negligent in installing a bottle of gas (a) in failing to properly cover and protect said bottle of gas and the regulator from the elements and (b) in failing to replace the cover over the regulator and bottle of gas.

The trial court felt the request came too late and denied plaintiff the right to amend.

I. Plaintiff claims the trial court erred in holding as a matter of law that the regulations herein above set forth relating to the storage and handling of cylinder systems do not apply to an isolated instance of a dealer in liquid petroleum gas placing a new cylinder on an existing system. We agree.

The regulations and the allegations in the petition refer to the installation of a "bottle gas system". It is true defendant did not install the system, but only connected its tank of gas into the existing system. In our opinion the regulations provide safety standards for this act as well as for the original installation. We need not decide how far a person who installs a new tank of gas in a system for the first time must go in inspecting the system, but safety regulations would be meaningless if he were not bound to observe them insofar as they are applicable to his activities. The regulations would provide little protection if they were limited to the original installation only. Anyone who repairs the system or replaces part of it should do so in accordance with applicable safety regulations.

Containers are considered part of the system (Rules of the Department of Public

**4**

Safety, Storage and Handling of Liquefied Petroleum Gases, Division I, Rule 1.2(a)) and when defendant's employee changed tanks, he installed part of the system. The evidence would support a finding that in doing so he removed the cover over the regulator and failed to replace it.

We believe the evidence was sufficient to raise a jury question on the failure to observe safety regulation 1.4(b) which provides: "Regulators * * * shall be so installed that the elements will not affect their operation." Such regulation was applicable to defendant.

II. Appellee argues for affirmance that its motion for directed verdict should have been sustained because the violation of these rules and regulations does not constitute negligence. It claims they do not have the force and effect of law. We disagree.

Appellee's authorities (Wright v. Des Moines Ry. Co. (1941), 231 Iowa 410, 1 N.W.2d 259, 262; Anno. 75 A.L.R.2d 778), are not applicable. They relate to safety codes or standards which are issued as "informative or advisory standards, and not as regulations having the force of law". Anno., supra at 779.

The rules and regulations with which we are dealing here do have the force and effect of law. They were authorized and directed by Chapter 101, Code of Iowa and were promulgated in accordance with Chapter 17A and have uniform force and effect throughout the state. Section 101.6. Violations of such rules and regulations are punishable as misdemeanors. Section 101.7. They are not informative or advisory but compulsory. They are not challenged as an unconstitutional delegation of legislative power.

III. Plaintiff claims the court erred in striking allegations of his petition setting out the standards of the National Fire Protection Association which were identical with the rules promulgated by the Department of Public Safety. This was not error. They are advisory only. In any event, plaintiff was not prejudiced because the court did not strike the identical departmental rules.

IV. Plaintiff claims the court erred in striking the phrase "of the common law" from her petition. The phrase was inserted into each paragraph of the petition which alleged violation of the departmental rules and appears to have little relevance to the rest of the paragraph.

A motion to strike is directed to the trial court's sound discretion. Holbert v. Keller (1913), 161 Iowa 723, 734, 142 N.W. 962. In view of the form of the pleadings, we do not believe the trial court abused its discretion in striking "of the common law". Plaintiff did not amend to charge common law negligence separately.

V. Plaintiff claims the court erred in not submitting the res ipsa loquitur count of her petition to the jury. We believe the trial court was correct. The applicability of the doctrine of res ipsa loquitur is determined from common experience, not evidence tending to prove a negligent act in a particular case. Sweet v. Swangel (1969), Iowa, 166 N.W.2d 776, 778. There is nothing in our common experience to teach us that an explosion which occurs several months after a gas cylinder was installed would not have occurred but for the negligence of the installer. The only evidence connecting the installation and the explosion was the failure to replace the cover over the regulator. This evidence related to specific negligence and did not support an allegation of res ipsa loquitur.

For the reasons stated in divisions I and II we reverse the trial court and remand the case for new trial in accordance herewith. We need not consider other alleged errors as they are not likely to arise on retrial.

Reversed and remanded.

All Justices concur, except UHLENHOPP, J., who takes no part.