Gelinas, J.
Pursuant to District/Municipal Courts R.A.D.A., Rule 8C, National Amusements, Inc. d/b/a Lincoln Plaza Cinema (defendant) appeals from a finding of negligence and award of damages against it in the amount of $16,310.00 with interest and costs to Marie Leonard (plaintiff) in her action of tort for injuries allegedly suffered when a seat in defendant’s theater collapsed as she was attempting to sit down. We find no error and affirm judgement for the plaintiff.
Defendant cites denial of the following requests for rulings of law as error:
[Tjhe Plaintiff is not entitled to recover because she failed to show that her injuries were attributable to the failure of the Defendant as the owner of the premises or the person in control of them to perform some duty which it owed to the Plaintiff. Wright v. Sears, 242 Mass. 292 (1922); Zeiff v. Cutter Brick Co., Inc., 350 Mass. 761 (1965).
[Tjhe Plaintiff is not entitled to recover since inferences based on a possibility rather than a probability are not enough to support a finding for the Plaintiff. Markus v. Griggs, 334 Mass. 139 (1956).
[Tjhe Plaintiff is not entitled to recover because she has failed to show that there was an unsafe condition of which the Defendant had notice and failed to correct. Young v. Garwicki, 380 Mass. 162, 170 (1980), McDonough v. Whalen, 365 Mass. 506 (1974).
Defendant raised no issue of damages in its appeal.
The judge declined to act on defendant’s request for findings of fact and made no independent findings of fact.
A summary of the evidence on the issue of defendant’s liability suggests that on July 19,1990 at approximately 5:00 p.m., the plaintiff, Marie Leonard, attended the Lincoln Plaza Showcase Cinema in Worcester, Massachusetts accompanied by Theresa Gallagher and her son, William Gallagher. After purchasing a ticket and some refreshments plaintiff proceeded into the theater and entered a row of seats while carrying a cup of water in one hand and a box of ice cream bon-bons in the other. The plaintiff did not observe any defect on the subject seat prior to her attempting to sit down. There is some evidence that a loose bolt or loose bolts were observed on the seat subsequent to the accident. As she sat down the seat apparently gave way and defendant suffered injuries. There was no evidence to suggest that plaintiff was using the chair in any improper manner.
Charles Giles, the manager of the Lincoln Plaza Showcase Cinema, was working on the date of the incident. Mr. Giles conducted at the beginning of the day an inspection of *176 the seats in the theater by walking through each row of seats, performing a visual inspection of ail seats,.physically inspecting some seats as well as looking under the seats. Additionally, before each show he performed a visual inspection with an usher; the 5:00 p.m. showing attended by the plaintiff was the third showing of the day. No one had ever complained about a broken or loose seat at the Lincoln Plaza Showcase Cinema either prior to or on the day of the incident. The repair records at the Lincoln Plaza Showcase Cinema revealed no seating complaints. There was no evidence as to the age of the theater or the length of time for which the seats had been installed.
Defendant had a duty of using reasonable care to maintain the seating, Keenan v. E.M. Loew's. Inc., 19 N.E.2d 37 (1939), Bell v. Dorchester Theater Co., 50 N.E.2d 814 (1943).
The breaking of the chair without more when it was properly used warrants an inference that it was defective and unsafe, Bell v. Dorchester Theater Co., supra; Callahan v. New England Telephone & Telegraph Co., 103 N.E. 922 (1914); Couris v. Casco Amusement Corp., 133 N.E.2d 250 (1956), and see Wilson v. Honeywell, Inc., 569 N.E.2d 1011, (1991).
Where neither plaintiff nor defendant offer evidence as to the cause of collapse of a seat in a theater, the finder of fact would be warranted in finding that the unexplained collapse of the seat while being used in a normal manner was due either to defective construction or to lack of repair and that its unsafe condition was more likely attributable to negligence on the part of the defendant than to some other cause, Couris v. Casco Amusement. Corp., supra, Keenan v. E.M. Loew’s. Inc., supra, Callahan v. New England Telephone & Telegraph Co., supra.
Although the judge made no subsidiary findings of fact, a trial judge’s general finding import the finding of all subsidiary facts and the drawing of all rational inferences essential to support the general finding, Iacobucci v. Purell, 33 Mass. App. Div. 203 (1968); Berman v. Tyleski Electric Co.. Inc., (1976) 57 Mass. App. Div. 189 (1976).
When reviewing a trial judge’s ultimate findings and conclusions, the reviewing court must determine whether they are clearly erroneous or inconsistent with relevant legal standards, Roche v. Boston Safe Deposit and Trust Co., 464 N.E.2d 1341 (1984). Given the facts of this case, the denial of defendant’s above requests for rulings do not meet that standard and accordingly, the judgment of the District Court is affirmed.